UNITED STATES BANKRUPTCY COURT
EASEN DISTRICT OF WISCONSIN

___

In re:                                              Chapter 13

Joseph A. Caravella II and
Patricia E. Shay Caravella,                         Case No. 18-24837-SVK

           Debtor
___

**SECOND NOTICE AND REQUEST TO MODIFY CHAPTER 13 PLAN**
___

      The above-named debtors Joseph A. Caravella II and Patricia E. Shay Caravella, have filed papers with the court requesting modification of the Chapter 13 plan in the above case filed on May 30, 2018 and amended on June 6, 2018.

      **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

      If you do not want the court to modify the plan as proposed, or if you want the court to consider your views on the request, then on or before 21 days after service of this notice, you or your attorney must:

      File with the court a written request for hearing which shall contain a short and plain statement of the factual and legal basis for the objection.  File your request at:

      Clerk of Bankruptcy Court
      517 East Wisconsin Avenue
      Room 126
      Milwaukee, WI 53202-4581

      If you mail your request to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

      You must also mail a copy to:

Attorney John D. Dries
7251 W. North Avenue
Wauwatosa, WI 53213

      If you or your attorney does not take these steps, the Court may decide that you do not oppose the request and may enter an order modifying the plan.

# REQUEST TO MODIFY CHAPTER 13 PLAN

1. The Proponents of this modification are:

   <u>XXXX</u>_____ the debtors;

   _____ the Chapter 13 Trustee (post-confirmation modifications only);

   _____ the holder of an unsecured claim, namely_____ (post-confirmation modifications only).

2. This is a request to modify a Chapter 13 Plan (Select A. or B.):

   A. _____ post confirmation;
   B. <u>XXXX</u>_____ pre-confirmation (Select i. or ii.);

   i. _____ Debtors' attorney certifies that the proposed modification does not materially adversely affect creditors (Local Bankruptcy Rule 3015(b)); or

   ii. <u>XXXX</u>_____ Debtors' attorney certifies that the proposed modification materially adversely affects only the following creditors and a copy of the proposed modification has been served on them (Local Bankruptcy Rule 3015(b)). The creditors affected are Federal National Mortgage Association (elimination of interest on mortgage arrears) and TSB Bank relative to its third and fourth mortgages against debtors' homestead real estate located at 559 North 67th Street, Wauwatosa, Wisconsin.

3. The Proponents wish to modify the Chapter 13 Plan to do the following:

   A. Section 3.1 of the Plan is amended to state that the debtors desire to keep their homestead residence and cure arrears owed on their first mortgage. The first mortgage is owned by Federal National Mortgage Association. Debtors will pay $40,104.85 through the Plan to cure arrears on their first mortgage. The second mortgage, owned by TSB Bank, is current. In addition, debtors will keep all post-petition payments current with respect to their first and second mortgages. Debtors' contracts with Federal National Mortgage Association (with regard to its first mortgage) and with TSB Bank (with regard to its second mortgage) shall control terms of payment relative to post petition payments and interest rates.

   B. Section 3.1 of the Plan is amended to state that debtors will not pay interest on arrears owed to Seterus, Inc. on behalf of Federal National Mortgage Association (FNMA). Section 3.1 is further amended to state that the trustee shall make pro rata payments to FNMA, c/o Seterus, Inc., on its claim.

      C. Section 3.4 of the Plan is amended as follows:

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtors would have been entitled under 11 U.S.C. 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of an order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. 522(f) and Bankruptcy Rule 4003(d). The judicial liens to be avoided are as follows:

      1. ProSource of Milwaukee
         11725 W. Bradley Road
         Milwaukee, WI 53224-2531

      Case resulting in judicial lien: <u>ProSource of Milwaukee v. Joseph Caravella, et al.</u>, (Case No. 2017SC003856, Circuit Court, Milwaukee County; judgment entered June 2, 2017)

Amount of lien: $6,127.53
Amount of lien to be avoided: $6,127.53
Treatment of remaining secured claim: N./A.

Full summary:
a. amount of lien: $6,127.53
b. amount of other liens (mortgages totaling $725,232.59 and Grunau Co., Inc. judicial lien of $89,317.27): $814,549.86
c. value of claimed exemptions: $164,549.00
d. total of a., b. and c.: $985,226.39
e. value of debtors' interest in property: $14,549.00
f. subtract e. from d.: $970,677.39

    **<u>XXX</u>**  line f. is equal to or greater than line a. The entire lien is avoided.

    _____ line f. is less than line a. A portion of the lien is avoided. The sum of $_____ will not be avoided.

      2. Grunau Company, Inc.
         1100 W. Anderson Court
         Oak Creek, WI 53054

      Case resulting in judicial lien: <u>Grunau Company, Inc. v. Joseph</u>

Caravella, et al., (Case No. 2017SC000852, Circuit Court, Milwaukee County; judgment entered April 17, 2017)

Amount of lien: $89,317.27
Amount of lien to be avoided: $89,317.27
Treatment of remaining secured claim: N./A.

Full summary:
a. amount of lien: $89,317.27
b. amount of other liens (mortgages totaling $725,232.59 and ProSource of Milwaukee judicial lien of $6,127.53): $731,360.12
c. value of claimed exemptions: $164,549.00
d. total of a., b. and c.: $985,226.39
e. value of debtors' interest in property: $14,549.00
f. subtract e. from d.: $970,677.39

  **XXX** line f. is equal to or greater than line a. The entire lien is avoided.

  _____ line f. is less than line a. A portion of the lien is avoided. The sum of $_____ will not be avoided.

  D. Sections 3.2 and 3.3 of the Plan is amended to state that the debtors are not pursuing valuation of the collateral, consisting of a 2007 Yukon Denali automobile and a 2006 Honda Pilot automobile. The plan further is amended to state that the trustee shall make pro rata distributions to TSB Bank, whose claim is secured by said automobiles. The plan further is amended to state that the proof of claim of TSB Bank with respect to its claim secured by said automobiles shall control treatment of said claim.

  Section 3.2 further is amended to state that the debtors request that the Court determine the value of the secured claims listed below:

| Name of Creditor | Collateral | Current Installment Payment | Amount of Arrearage | Interest Rate on Arrearage If Applicable | Monthly Plan Payment on Arrearage | Estimated Plan Payments by Trustee |
|---|---|---|---|---|---|---|
| TSB Bank (third mortgage) | homestead | None | $50,610 | NA | None | None |

-4-

| TSB Bank (fourth mortgage) | homestead | None | $332,302 | NA | None | None |

  E.  Claim No. 4 filed herein, belonging to State of Wisconsin, DWD, Unemployment Insurance, in the amount of $1,558.83, shall be treated as a secured claim and shall be paid with 9.00% annual interest.

  F.  The secured portion of Claim No. 6 filed herein, belonging to the Internal Revenue Service, in the amount of $11,849.00, shall be paid in full with annual interest of 4.00%.

  G.  The priority portion of Claim No. 6 filed herein, belonging to the Internal Revenue Service, in the amount of $47,865.61, shall be paid in full.

  E.  Debtors' Chapter 13 payment is increased from $1,854 to $2,576, effective forthwith.

4.  The reasons for the modifications are to provide clarity with respect to the manner in which creditors are to be treated in the Plan.

5.  Select A. or B.

 A.  _____  The Chapter 13 Plan confirmed or last modified on _____ is modified as follows:

 B.  XXXX\_\_\_\_\_  The unconfirmed Chapter 13 Plan filed on May 30, 2018 and amended on June 6, 2018 modified to state as follows:

  A.  Section 3.1 of the Plan is amended to state that the debtors desire to keep their homestead residence and cure arrears owed on their first and second mortgages. The first mortgage is owned by Federal National Mortgage Association and the second mortgage is owned by TSB Bank.  Debtors will pay $40,104.35 through the Plan to cure arrears on their first mortgage.  The second mortgage is current.  In addition, debtors will keep all post-petition payments current with respect to their first and second mortgages;

  B.  Section 3.1 of the Plan is amended to state that debtors will not pay interest on arrears owed to Seterus, Inc.  Section 3.1 is further amended to state that the trustee shall make pro rata payments to Seterus, Inc. on its claim.

  C.  Section 3.4 of the Plan is amended to avoid the judicial liens of the following creditors:

1. ProSource of Milwaukee
   11725 W. Bradley Road
   Milwaukee, WI 53224-2531

Case resulting in judicial lien: <u>ProSource of Milwaukee v. Joseph Caravella, et al.</u>, (Case No. 2017SC003856, Circuit Court, Milwaukee County; judgment entered June 2, 2017 for $5,833.23)

2. Grunau Company, Inc.
   1100 W. Anderson Court
   Oak Creek, WI 53054

Case resulting in judicial lien: <u>Grunau Company, Inc. v. Joseph Caravella, et al.</u>, (Case No. 2017SC000852, Circuit Court, Milwaukee County; judgment entered April 17, 2017 for $84,231.10).

D. Sections 3.2 and 3.3 of the Plan is amended to state that the debtors are not pursuing valuation of the collateral, consisting of a 2007 Yukon Denali automobile and a 2006 Honda Pilot automobile. The plan further is amended to state that the trustee shall make pro rata distributions to TSB Bank, whose claim is secured by said automobiles. The plan further is amended to state that the proof of claim of TSB Bank with respect to its claim secured by said automobiles shall control treatment of said claim.

Section 3.2 further is amended to state that the debtors request that the Court determine the value of the secured claims listed below:

| Name of Creditor | Collateral | Current Installment Payment | Amount of Arrearage | Interest Rate on Arrearage If Applicable | Monthly Plan Payment on Arrearage | Estimated Plan Payments by Trustee |
|---|---|---|---|---|---|---|
| TSB Bank (third mortgage) | homestead | None | $50,610 | NA | None | None |
| TSB Bank (fourth mortgage) | homestead | None | $332,302 | NA | None | None |

E. Debtors' Chapter 13 payment is increased from $1,854 to $2,576, effective forthwith.

-6-

6. **BY SIGNING BELOW THE PROPONENT OF THE MODIFICATION CERTIFIES THAT, AFTER REVIEW OF THE MODIFICATION AND ALL OTHER TERMS AND PROVISIONS OF THE PLAN, THOSE REMAINING TERMS AND PROVISIONS OF THE PLAN ARE CONSISTENT WITH THE PROPOSED MODIFICATIONS.**

WHEREFORE, the Proponents request that the court approve the modifications to the Chapter 13 Plan filed on May 30, 2018 and amended on June 6, 2018 as stated herein.

Dated: August 1, 2018 at Wauwatosa, Wisconsin.

/s/ electronically signed by John D. Dries
_____
John D. Dries, Attorney for Debtors/Proponents
State Bar No. 1005480

P.O. Address & Telephone:
7251 W. North Avenue
Wauwatosa, WI 53213
T: (414) 453-9866
F: (414) 453-6612